**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| CLETUS FRANKLIN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CV-006-TRM-JEM |
| JOSH SMITH, | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 in which Plaintiff, a former Tennessee Department of Correction ("TDOC") inmate, alleges that Defendant retaliated against him for filing grievances (Doc. 1). On July 20, 2026, the Court entered an order that, in relevant part, (1) noted that it appeared Plaintiff had been released on parole but had not updated his address with the Court; (2) provided Plaintiff fifteen days from the date of entry of that order to show good cause as to why the Court should not dismiss this action for want of prosecution and/or failure to comply with Court orders; and (3) notified Plaintiff that if he failed to timely comply with that order, the Court would dismiss this action without further notice (Doc. 41, at 1–2). Plaintiff did not timely comply with this order. Also, more than two weeks ago, the United States Postal Service returned the Court's mail to Plaintiff containing that order with notations indicating that it was refused and unable to be forwarded (Doc. 44). Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not

expressly provide for a *sua sponte* dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's prior order is due to his willfulness or fault, as it appears that Plaintiff did not receive the Court's prior order due to his failure to timely update the Court as to a change in his address despite the Court notifying him of the requirement that he do so (Doc. 3, at 1; Doc. 4, at 1; Doc. 5, at 2–3; Doc. 8, at 2–3; Doc. 19, at 3), and Plaintiff acknowledging this requirement by previously filing a notice of change of address (Doc. 7). As to the second factor, Plaintiff's failure to update his address with the Court has not prejudiced Defendant. But the Court also notes that, like the Court, Defendant cannot communicate with Plaintiff about this case without his current address. As to the third factor, as set forth above, the Court warned Plaintiff that failure to timely comply with its previous order would result in dismissal of this action (Doc. 41, at 2). Finally, as to the fourth factor, the Court finds that alternative sanctions are not appropriate, as Plaintiff failed to update his address with the Court, and it does not appear that he seeks to prosecute this action. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no

cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from updating his address with the Court, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, the pending motions in this case (Docs. 20, 21, 25, 28, 30, 31, 33, 42) are **DENIED as moot**, and this action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**